IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID RALPH LATHAM,<br><br>Defendant. | No. CR97-0045<br><br>ORDER FOR DETENTION PENDING REVOCATION HEARING |

On the 11th day of May, 2007, this matter came on for hearing on the Government's request to have the Defendant detained prior to a revocation hearing now scheduled for May 18, 2007. The Government was represented by Assistant United States Attorney Patrick Reinert. Defendant David Latham appeared personally and was represented by his attorney, John Broz.

## *RELEVANT FACTS*

On February 27, 1998, Defendant was sentenced to a 120-month term of imprisonment, to be followed by a five-year term of supervised release, for the crime of possession with intent to distribute controlled substances. (*See* docket number 46.) On February 14, 2001, the judgment was amended to 114 months of imprisonment, with the same term of supervised release. (*See* docket number 79.) Defendant has been on supervised release to the United States Probation Office since November 29, 2005.

On April 26, 2007, Defendant was arrested and charged with Burglary-3rd degree, possession of burglary tools, and interference with official acts. Defendant was released the following day, with pretrial supervision to the Sixth Judicial District Department of Correctional Services, and the State Court charges are now pending. On May 4, 2007, the Government filed a Petition requesting that Defendant be arrested for violating the

1

terms of his federal supervised release. The Defendant was arrested and a revocation hearing is now scheduled before Chief Judge Linda R. Reade on May 18, 2007, at 9:00 a.m.

James M. Paul, Defendant's supervising probation officer, testified regarding the circumstances surrounding Defendant's arrest. According to police reports, a neighbor called 911 and reported seeing a person breaking into a house. After responding to the scene, officers found Defendant David Latham hiding nearby in a yardwaste disposal container. An officer tipped the "yardie" over and Defendant tumbled out, holding a screwdriver in his right hand. Defendant put both arms underneath his body in an attempt to resist being handcuffed. On the ground nearby, an officer found a prescription card in the name of Cornelius Kenney, which the officer reported "came from Latham's person." Cornelius Kenney is the deceased spouse of Gloria Kenney, who resides in the house which was burglarized.

Defendant was previously on federal supervision for burglary of a United States Post Office. His current supervised release arises from drug charges related to the burglary of a pharmacy. Probation Officer Paul also testified that Defendant failed to report his arrest to his probation officer, as required by the terms of his supervised release.

In support of his request that he be released pending the hearing, Latham proffered testimony that he is a lifelong resident of this area, has the potential for employment, and has the support of a sister who lives in Cedar Rapids.

### *CONCLUSIONS OF LAW*

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society

2

liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755, 107 S. Ct. at 2105.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, the Court notes that the evidence against Defendant would seem to be substantial. At the least, it is clear that Defendant failed to contact his probation officer following his arrest. At the revocation hearing scheduled on May 18, 2007, the allegations need only be established by a preponderance of the evidence. The Defendant has a history of burglary offenses. By their nature, burglaries at private residences constitute a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no

3

condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that the Defendant should be detained prior to trial. The Defendant was advised in open court of his right to appeal this decision to the District Court.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 11th day of May, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA